7 F.3d 235
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Wayne DARNELL, Defendant-Appellant.
 No. 92-6309.
 United States Court of Appeals, Sixth Circuit.
 Oct. 14, 1993.
 
 Before: JONES and SILER, Circuit Judges; and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Kevin Wayne Darnell appeals the district court's denial of his motion to suppress. He argues that Leitchfield Detective Gary Troutman was not authorized to execute a warrant for the search of Darnell's residence. For reasons stated hereafter, we affirm the district court.
 
 Background
 
 2
 Grayson County District Judge Randolph Behnken issued a warrant to search Darnell's residence. Detective Troutman executed the warrant. The home was outside Leitchfield city limits but within the surrounding county. Darnell's motion to suppress evidence seized in the search was denied. Darnell was convicted of two counts of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1), one count of using or carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1), and one count of felony possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).
 
 Analysis
 
 3
 Darnell argues that Detective Troutman lacked statutory authority to execute the search warrant outside Leitchfield city limits and that, therefore, the district court erred in denying his motion to suppress. Leitchfield is a city of the third class under Ky. Const. § 156. The authority to execute search warrants is accordingly defined by K.R.S. § 95.510, which provides as follows:
 
 
 4
 The chief and all members of the police force in cities of the third class shall be peace officers of the city and the state, with the same powers to make arrests, execute process and enforce the laws as constables and sheriffs, anywhere in the county where the city is located, but they shall not be required to police any territory outside of the city limits.
 
 
 5
 Section 95.510 designates police officers of third-class cities as peace officers of the city and state and endows them with power "anywhere in the county where the city is located." Id. Detective Troutman, a police officer of a third-class city, executed the disputed search warrant within the county where Leitchfield is located. Thus, the search did not violate § 95.510.
 
 
 6
 Darnell disputes the foregoing conclusion by arguing that Leitchfield's police officers lack power outside city limits. However, the Kentucky Supreme Court recently stated that city police officers for classes of cities from the first to the fifth class have county-wide authority to make arrests and to execute warrants. Commonwealth v. Monson, No. 92-SC-616-DG, 1993 Ky. LEXIS 100, at * 10-11 (Ky. July 1, 1993) (opinion not yet final). Furthermore, K.R.S. § 421.420, relied on by Darnell, is inapposite as it requires city police officers to serve warrants for offenses committed within a city if the warrant is to be served inside city limits. It does not address the situation presented in this case, where a warrant was served outside city limits. For all of these reasons, the district court is AFFIRMED.